# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**Laurie Bordock,**

    Plaintiff,

v.

**Arrowhead Mall,**

    Defendant.

Case No. **10-CIV-186-RAW**

## OPINION AND ORDER

The Complaint [Docket No. 2] in this matter was filed on May 17, 2010. Also before the court is Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Docket No. 3]. The court construes Plaintiff's allegations liberally as she is *pro se*. See Haines v. Kerner, 404 U.S. 519 (1972).

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Docket No. 3] indicates that Plaintiff has no income and no assets. Her motion for IFP is GRANTED.

The Complaint alleges violations of Plaintiff's constitutional rights while Plaintiff was at Arrowhead Mall in Muskogee. The Complaint is a rambling list of accusations against the Defendant, stating Plaintiff was ordered to leave the mall because she was homeless. Plaintiff states that she used "the mall bathroom to wash up a little," but that she left the area clean. Plaintiff never alleges any discrimination based on her race, color, national origin, sex or religion. She only claims that the mall was "persecuting a decent homeless person." She ostensibly brings her claim pursuant to 42 U.S.C. §1983, but that statute is not properly used

to assert liability against a private entity. See Whitehead v. AM International, Inc., 860 F.Supp. 1280, 1286 (N.D.Ill. 1994) "Generally, the protections of § 1983 do not extend to private conduct violating individual rights no matter how abhorrent the conduct my be." quoting National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109 S.Ct. 454, 461, 102 L.Ed.2d 469 (1988). Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990).

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal--
> > **(I)** is frivolous or malicious;
> > **(ii)** fails to state a claim on which relief may be granted; or
> > **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." Lemmons v. Law Firm of Morris and Morris, 39 F.3d 264 (10th Cir. 1994).

2

## *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." Banks v. Vio Software, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Trujillo v. Williams, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." McKinney v. State of Oklahoma, 925 F.2d 363, 364 (10th Cir. 1991).

## Conclusion

The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. The court has no doubt that Plaintiff was asked to leave the facility, but there are no allegations in the Complaint that assert any basis for violations of Plaintiff's civil

3

rights, or for discrimination due to race, color, national origin, sex or religion. The court finds that Plaintiff's action is frivolous, and that Plaintiff fails to state a claim on which relief can be granted.

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Docket No. 3] is granted. The Complaint [Docket No. 2] is dismissed with prejudice.

Dated this 18th day of May, 2010.

**Dated this 18th Day of May 2010.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0